UNITED STATES of America,
Plaintiff–Appellee,

v.

Dewayne L. DAVIS, Defendant–Appellant.

No. 03–2458.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 6, 2004.

Decided March 10, 2004.

Joshua J. Minkler, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

James C. McKinley, Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

### ORDER

A grand jury charged Dewayne Davis with both distribution and possession with intent to distribute cocaine. He was only convicted of the possession charge. He appeals his conviction, arguing that the district court erred by denying the jury's request for a transcript of a testifying police officer. Because the district court did not abuse its discretion by denying the jury's request, we affirm.

### I. BACKGROUND

On July 31, 2003, an Indianapolis Police Department confidential informant ("CI") bought cocaine from Davis at his home. In a monitored telephone call with Davis, the CI then arranged to purchase additional cocaine from Davis at his residence on August 2, 2003.

After an arrest warrant was issued, the Indianapolis Police Department Special Weapons and Tactics ("SWAT") team, knocked and announced, and then forcibly entered Davis's residence on August 2. Officer Robert Hipple, part of the SWAT team, handcuffed Davis in the rear bedroom; Davis was the only person home. In Davis's kitchen, the government retrieved several bags of cocaine located in plain view on the kitchen counter. Each bag contained a spoon. In total the government recovered 725 grams of cocaine as well as a digital scale, Ziploc bags, and other assorted items.

Davis was indicted and his trial, in which the government called eight witnesses, lasted less than seven hours. During the trial, the district court permitted the jurors to take notes. Four hours into the jury's deliberations, the jury foreman sent a note to the trial court requesting the transcript of Officer Hipple's testimony. Judge McKinney's written response stated: "Please rely upon your collective memory. We do not have prepared witness transcripts." The defendant objected, to which Judge McKinney replied: "if they send me the same question I will do that [provide the jury with Officer Hipple's testimony]. But right now I think it is appropriate to rely on their memories." The seven page transcript of Officer Hipple's testimony, which the jury never saw, described his general training as a member of the SWAT team, the team's knock and announce procedure, the team's entrance of the Davis residence, his locating Davis in the rear bedroom, and the subsequent arrest of the defendant.

### II. ANALYSIS

Davis argues that the district court abused its discretion and denied him a fair trial by refusing the jury's request for a transcript of Officer Hipple's testimony.[1] The district court's decision to refuse a jury's request for the transcript of a testifying witness is reviewed for abuse of dis-

---

1. Because defendant only asserts, and does not provide a substantive argument, that he did not receive a fair trial, the defendant waives this argument. *See United States v. South,* 28 F.3d 619, 629 (7th Cir.1994) ("[p]erfunctory and undeveloped arguments ... are waived").

cretion. *United States v. Guy,* 924 F.2d 702, 708 (7th Cir.1991) (quoting *United States v. Keskey,* 863 F.2d 474, 476 (7th Cir.1988)).

The district court's decision is not an abuse of discretion when it is based on legitimate reasons such as the trial's brevity, the ability of jurors to take notes, the relative clarity of the witness's testimony, and the overall simplicity of the issues before the finders of fact. *See id.; see also United States v. Howard,* 80 F.3d 1194, 1202 (7th Cir.1996) (affirming a district court's decision not to provide a transcript during jury deliberations where the trial lasted less than two days and the testimony was "fairly straightforward"). The trial in this case lasted only seven hours, and the jury was permitted to take notes. Further, our own review of the record reveals that Officer Hipple's testimony was short and straightforward.

Moreover, we fail to see how Officer Hipple's testimony would have supported the defendant's theory that a third person was in the home. Not only is Officer Hipple's testimony irrelevant to said assertion, but the presence of a third person would have no practical effect on the defendant's conviction for possession. *See United States v. Starks,* 309 F.3d 1017, 1022 (7th Cir.2002) (applying the constructive possession doctrine and finding a defendant guilty of possession when he exercises ownership, dominion, authority or control over an illicit drug); *see also United States v. Windom,* 19 F.3d 1190, 1200 (7th Cir.1994). Thus, under these circumstances, requiring the jury to rely on its collective memory was appropriate.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM.